STATE OF CONNECTICUT *v.* PHILIP J. LANGLEY

REVIEW DIVISION OF THE SUPERIOR COURT

Decided June 14, 1961

*Philip J. Langley,* the defendant, pro se.

*Otto J. Saur,* state's attorney, for the state.

BY THE DIVISION. After a jury trial, the defendant was found guilty of one count of rape and one count

of robbery with violence. General S.... ...es § 53-238, dealing with rape, provides a penalt' of not more than thirty years. Section 53-14, dealing with robbery with violence, provides a penalty of not more than twenty-five years. The court imposed a sentence of not less than twelve and not more than fifteen years on the first count, and one year on the second count.

On January 26, 1961, the defendant rang the doorbell of a home in Greenwich. The maid, home only with an infant of her employer's family, responded. She found the defendant at the door who requested some clothing. She informed him that she was alone and that he return later, when he nevertheless entered and forced the woman into the living room. There, he committed rape upon her. The brutal details need not be repeated. After this, he placed his hand on her throat and demanded that she tell him where there was jewelry. At first, she denied knowledge, but he tightened his grip with each demand and she finally led him to a dresser in a second-floor bedroom. He took a jewel box with the contents after she had opened it for his inspection. Then, he tied her hands and feet to a bed in another bedroom and placed a gag in her mouth. He placed his hand in his jacket pocket, said he had a gun, and warned her that he would return in five minutes. He said he would shoot her if she moved. Eventually, she freed herself and reported the incident to a neighbor. The police were notified and finally the defendant was apprehended.

The defendant has the following prior criminal record:

November 25, 1940—New York—grand larceny (automobile)—New York State Vocational Training School—three years—paroled August 7, 1942.

October 6, 1942—paternity—ordered to pay.

December 18, 1942—Mamaroneck, N.Y.—larceny of car—$25 or twenty days.

January 6, 1943—Mamaroneck, N.Y.—violation of parole—ten months.

June 22, 1941—attempted grand larceny, second degree—sentenced to Elmira Reformatory two years and six months.

February 26, 1946—New Rochelle, N.Y.—grand larceny (automobile)—sentence suspended and indefinite probation.

April 27, 1946—New York—attempted robbery and assault—five to ten years.

January 20, 1953—Mount Vernon, N.Y.—grand larceny (automobile)—two years and six months to three years.

Considering the viciousness and brutality involved, the sentence of the court on the first count of rape was most lenient but within the limits of fairness and should stand. On the second count of robbery with violence, the sentence of one year is altogether inadequate. As to the second count, the sentence is hereby ordered increased to five years.

Shapiro, Covello and Healey, Js., participated in this decision.